IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS GREENE,

    Plaintiff,               No. CIV S-04-1463 LKK KJM P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.        **ORDER**

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. In light of 1996 amendments to 28 U.S.C. § 1915, this court will not rule on plaintiff's request to proceed in forma pauperis.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

/////

1    In this case, the defendants are located in, and plaintiff's claims arose in Los Angeles,[1] which lies within the jurisdiction of the United States District Court for the Central District of California. Therefore, plaintiff's claim should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: May 3, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
gree1463.21.a

---

[1] It appears defendant Peters, an appeals examiner, may reside within this district. However, plaintiff does not state a valid claim for relief against Peters as plaintiff has no constitutional right to a prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied sub nom. McEnroe v. Ramirez, ___ U.S. ___, 124 S. Ct. 2388 (2004).

2